UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:22-cr-143-RLY-DML-2 |
| ) | |
| Richard Smith, ) | |
| ) | |
| Defendant. ) | |

**Richard Smith Sentencing Memorandum**

**Introduction and Background:** Richard Smith comes before the Court as a 40-year-old male and father of two. Richard's childhood and adolescence was filled with abuse, violence, drugs, and abandonment that began at a very young age. He began to experiment with drugs and alcohol at the age of nine to try to escape his reality. As he became an adult, his drug and alcohol addiction continued to worsen and he admits the influence substances had on his decision making. Several mitigators should be noted under both the United States Sentencing Guidelines as well as 18 USC 3553(a).

*Age* (*USSG § 5H1.1 & 18 USC 3553(a)(1)):* Richard Smith is 40 years old. According to the Department of Justice, a person's age is a powerful factor in deterring crime. Even those individuals who commit crimes at the highest rates begin to change their criminal behavior as they age. The data show a steep decline at about age 35. https://nij.ojp.gov/topics/articles/five-things-about-deterrence.

*Education and Vocational Skills (USSG § 5H1.2 & 18 USC 3553(a)(2)(D))*: Richard was born in California and lived there until he was sixteen years old. He moved

to Indiana to live with his grandmother, but after six months he was back living in California. Once he turned eighteen, he moved back to Indiana. The multiple moves, combined with familial issues, contributed to Richard only attending up to the tenth grade at New Castle Community High School. He was enrolled in the special education programming in the ninth and tenth grades and had an individualized education plan. He also reports being diagnosed with ADHD at fourteen years old. At age sixteen, he began at JobCorp where he learned skills in the maintenance and culinary programs, although he did not complete the programs. Richard reports earning his GED from the Muncie Career Center in 2017.

*Mental and Emotional Condition (USSG § 5H1.3 & 18 USC 3553(a)(1))*: Richard reports that doctors once diagnosed him with post-traumatic stress disorder (PTSD). His counselor in Henry County told him he suffers from anxiety and depression. He has never received any treatment for the abuse he suffered as a child.

*Employment Record (USSG § 5H1.5 & 18 USC 3553(a)(1)):* His employment history begins with factory work in New Castle, Indiana. He worked at a seed covering factory for a year. His next job was with Grady's Foundry where he reports working for a couple of years. After that, with the help of Elwood Staffing, Richard obtained a job in Anderson, Indiana where he fabricated plastic moldings. He has also been self-employed remodeling bathrooms, using his skills learned in high school for maintenance and plumbing, and briefly worked at McDonalds.

***Family Ties and Responsibilities (USSG § 5H1.6 & 18 USC 3553(a)(1))*:** He was married once but has been divorced for twenty years. He admits that the marriage ended because he was a poor husband and couldn't stop doing drugs. From that marriage, he has one daughter, Kylee Collins. He reports that Kylee has been adopted by her step-father and they do not have contact. Richard was involved in another relationship after the divorce and from that he has one son, Landyn. Landyn is thirteen years old, and they share a close relationship.

***Charitable Service/Good Works (USSG § 5H1.11 & 18 USC 3553(a)(1))*:** Richard stayed at a men's shelter during his drug court program and during that time he volunteered at a food pantry regularly.

***Lack of Youthful Guidance (18 USC 3553(a)(1) & USSG § 5K2.0)*:** He was born to parents who were both addicts. He has many half-siblings but over the years has lost contact with most of them. One of his half-siblings, Desirae, passed away in 2015 from an overdose. Richard was born and raised in California until he briefly lived in Indiana with his step-grandmother for six months. He then returned to California until he moved back to Indiana at eighteen years old. He only remembers pieces of his childhood because it was filled with abuse. While Richard was growing up in California as a young child, his father was absent and a drug addict, and his mother was abusive. When Richard was around five years old, his mother's friends, Elaine and Jack, began molesting him and his half-sister, Desirae. He also reports being sexually abused by his mother's boyfriend, and his maternal uncle, all before he was nine years old. Around the same time the abuse was

happening, his paternal grandmother was murdered at a bar. A few years later when he was eleven years old, his maternal grandmother was murdered. Richard remembers that while living in California, he attended many funerals for family and friends that had passed from overdoses or violence.

Into his teenage years, he was raised by his grandfather and step-grandmother. He had a strained relationship with his grandfather and only his step-grandmother made an effort. However, looking back, he feels that his step-grandmother never held him accountable and enabled his poor behavior. He ran away from his grandparents' home many times, living on the streets, and using and selling drugs. Richard says that now looking back, he feels he did not have any positive role model to look up to.

*Physical Condition (USSG § 5H1.4 & 18 USC 3553(a)(1)) and The need to provide the defendant with medical care (18 USC 3553(A)(2)(D)):* Richard reports that he suffers from asthma, high blood pressure, back pain and occasional foot pain due to gout. He uses an inhaler for his asthma, takes Allopurinol for his foot and high blood pressure medication.

*To provide the defendant with correctional treatment in the most effective manner (18 USC 3553(1)(2)(D)):* Richard acknowledges he would benefit from all forms of counseling, therapy, and any skills training.

*Drug and/or Alcohol Abuse Contributed to the Offense:* He admits his life-long alcohol and substance abuse problems. While growing up in an environment where drugs were used daily, Richard tried marijuana for the first time at eight years old. Not long

after, he tried alcohol for the first time with a group of friends. By eleven years old, he had tried cocaine for the first time. He tried methamphetamine by age thirteen and crack cocaine by age nineteen. Richard also used Xanax for three years, he has taken opioids, psychedelic mushrooms, PCP, heroin, and K2 spice.  Richard admits that up until his arrest, he was drinking daily and suffered from drug addictions. He attributes his cocaine addiction to one of the reasons for his divorce. Richard admits he was sober at a point in time for following his participation in Henry County's Drug Court from 2018 to 2020. He described the benefits of the program and said his relapse was due to a bout of depression.

*According to the DOJ, sending an individual convicted of a crime to prison isn't a very effective way to deter crime.* "Prisons are good for punishing criminals and keeping them off the street, but prison sentences (particularly long sentences) are unlikely to deter future crime. Prisons actually may have the opposite effect: Persons who are incarcerated learn more effective crime strategies from each other, and time spent in prison may desensitize many to the threat of future imprisonment." *Department of Justice, National Institute of Justice:* https://nij.ojp.gov/topics/articles/five-things-about-deterrence

*Increasing the severity of punishment does little to deter crime.* "Laws and policies designed to deter crime by focusing mainly on increasing the severity of punishment are ineffective partly because criminals know little about the sanctions for specific crimes. More severe punishments do not "chasten" individuals convicted of

crimes, and prisons may exacerbate recidivism." *Department of Justice, National*

*Institute of Justice:* https://nij.ojp.gov/topics/articles/five-things-about-deterrence

                                      Respectfully submitted:

                                      */s/ James A. Edgar*
                                      James A. Edgar, Attorney # 18619-49
                                      J. Edgar Law Offices, P.C.
                                      1512 North Delaware Street
                                      Indianapolis, IN 46202
                                      (o) (317) 472-4000
                                      (c) (317) 679-7900
                                      jedgarlawyer@gmail.com

## **CERTIFICATE OF SERVICE**

      I certify a copy of the foregoing document was served on all parties by personal service or electronic filing on April 3, 2025:

                                      */s/ James A. Edgar*
                                      James A. Edgar